UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JOHN DOE, formerly known as JANE DOE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 1:16-cv-02431-JMS-DML |
| vs. | ) |
| | ) |
| MICHAEL PENCE, in his official capacity as Governor of the State of Indiana, | ) |
| GREGORY ZOELLER, in his official capacity as Attorney General for the State of Indiana, | ) |
| MYLA A. ELDRIDGE, in her official capacity as Marion County Clerk of the Court, and | ) |
| LILIA G. JUDSON, in her official capacity as Executive Director of the Indiana Supreme Court Division of State Court Administration, | ) |
| | ) |
| Defendants. | ) |

## Order on Motion to Proceed Anonymously

The plaintiff seeks permission to prosecute this lawsuit anonymously, as "John Doe formerly known as Jane Doe." The defendants have not taken a position on the motion.

The plaintiff's suit challenges the constitutionality under the Fourteenth Amendment's Equal Protection and Due Process Clauses of Indiana Code § 34-28-2-2.5(a)(5), which prohibits non-United States citizens from obtaining a change of legal name. According to the amended complaint, the plaintiff was granted asylum

by the United States in August 2015. He has lived in Indiana since 1990. The plaintiff is in the process of obtaining permanent residency status, and after he becomes a permanent resident, he must wait at least three years before applying for naturalization and becoming a United States citizen. The plaintiff is transgender (and was granted asylum because he is transgender), and wants to change his name from his given female name to one that matches his male gender identity. He seeks a declaratory judgement that the provisions and enforcement of the Indiana statute are unconstitutional on their face and as applied to him.

Judicial proceedings presumptively are open to the public, and that includes the names of parties who are litigating disputes. The public has a "legitimate interest in knowing which disputes involving which parties are before the federal courts that are supported with tax payments and that exist ultimately to serve the American public." *Doe v. Indiana Black Expo, Inc.,* 923 F. Supp. 137, 139 (S.D. Ind. 1996). A court can permit a litigant to use a pseudonym in those few "exceptional cases where the party has a privacy right so substantial as to outweigh the 'customary and constitutionally-embedded presumption of openness in judicial proceedings.'" *Id.* (quoting *Doe v. Frank,* 951 F.2d 320, 323 (11th Cir. 1992)). The court has an independent duty to determine whether the requisite exceptional circumstances exist. *Doe v. Blue Cross & Blue Shield United of Wisconsin,* 112 F.3d 869, 872 (7th Cir. 1997).

The court finds that exceptional circumstances exist here. Two factors convince the court to permit the plaintiff to use a pseudonym. First, a pseudonym

may be allowed when the plaintiff is unusually vulnerable in some way, such that revealing his identity may subject him to harm. *E.g., Doe v. City of Chicago,* 360 F.3d 667, 669 (7th Cir. 2004) (court may consider whether plaintiff is a "likely target of retaliation by people who would learn her identity only from a judicial opinion or other court filing").  The plaintiff has presented evidence that he is vulnerable to retaliation. Police officers have ridiculed him, detained him, and called him an "it," because of the incongruence between his given name and his physical appearance.  Merchants have intentionally embarrassed him when he uses identification because of the contrast between his appearance and his female legal name. Revealing his identity on the public docket could spur retaliatory conduct from those with whom the plaintiff usually interacts.  The plaintiff's business associates or business customers know him by a male name, and do not know his legal first name, but would learn his name if he is not allowed to use a pseudonym.  The media is interested in this case; news articles appeared on-line and in print shortly after its filing.  If the general public were to learn his name, he might be targeted with threats or incidents of harm by persons who are intolerant of transgender persons.  In sum, the plaintiff has made a sufficient showing of harm or potential harm for purposes of proceeding anonymously.

Second, the plaintiff's complaint challenges the constitutionality of state laws.  His complaint does not seek damages, but declaratory and injunctive relief with respect to a state statute he contends is unconstitutional.  Pseudonyms are most often permitted in cases where plaintiffs challenge the constitutionality of

3

statutes or practices of state or local officials. *See Indiana Black Expo,* 923 F. Supp. at 139 and 141.

## Conclusion

For the foregoing reasons, the court GRANTS the plaintiff's motion (Dkt. 7) to proceed anonymously. The plaintiff shall be referred to in court filings as John Doe (or John Doe formerly known as Jane Doe). The defendants shall not publicly disclose the plaintiff's actual name. All documents identifying the plaintiff or containing the plaintiff's actual name shall be filed under seal. Redacted copies of such documents must be filed; the redactions must be made in such a way that the plaintiff's identity or his actual name cannot be discerned from the redacted filings.

So ORDERED.

Dated: November 22, 2016

Debra McVicker Lynch
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record by email through the court's ECF system

4